JEFFREY S. CHIESA
ATTORNEY GENERAL OF NEW JERSEY
Division of Law
124 Halsey Street, 5th Floor
P.O. Box 45029
Newark, New Jersey 07101
Telephone: 973-648-7462
Fax: 973-648-4887
Attorney for Plaintiffs

By:    Jah-Juin Ho
jah-juin.ho@dol.lps.state.nj.us

Glenn Graham
glenn.graham@dol.lps.state.nj.us

Joan Karn
joan.karn@dol.lps.state.nj.us
Deputy Attorneys General

Brian McDonough
Assistant Attorney General
Brian.McDonough@dol.lps.state.nj.us

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY S. CHIESA, Attorney General of the State of New Jersey, and ERIC T. KANEFSKY, Acting Director of the New Jersey Division of Consumer Affairs,<br><br>                                Plaintiffs,<br>v.<br><br>24 x 7 DIGITAL, LLC,<br><br>MARK YAMASHITA and REI YOSHIOKA, individually and as officers of 24 x 7 DIGITAL, LLC,<br>                                Defendants. | Hon. Katharine S. Hayden<br><br>Civil No. 2:12-cv-03402<br><br>**CONSENT DECREE AND ORDER FOR INJUNCTION AND OTHER RELIEF** |

**WHEREAS** Plaintiffs Jeffrey S. Chiesa, Attorney General of the State of New Jersey ("Attorney General") and Eric T. Kanefsky, Acting Director of the New Jersey Division of

1

Consumer Affairs (collectively "Plaintiffs" or "State of New Jersey") have commenced this action by filing the Complaint herein;

**WHEREAS** Plaintiffs have alleged that defendants 24x7 Digital, LLC, Mark Yamashita, and Rei Yoshioka (collectively "Defendants") have collected, maintained, and transmitted to a third party, the personal information of children in violation of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. § 6501-6506, and the Children's Online Privacy Protection Rule ("COPPA Rule"), 16 C.F.R. Part 312;

**WHEREAS** Defendants have waived service of the Summons and Complaint;

**WHEREAS** Plaintiffs and Defendants (collectively "the Parties") have been represented by the attorneys whose names appear herein;

**WHEREAS** the Parties have agreed to a settlement of this action upon the following terms and conditions;

**THEREFORE**, on the joint motion of Plaintiffs and Defendants, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

## DEFINITIONS

1. The terms "child," "collects," "collections," "Commission," "delete," "disclosure," "Internet," "online contact information," "operator," "parent," "person," "personal information," "third party," "verifiable consent," and "website or online service directed to children," have the same meaning as those terms are defined in Section § 312.2 of the COPPA Rule, 16 C.F.R § 312.2.

## INJUNCTION

2. **IT IS ORDERED** that Defendants and their officers, agents, representatives, and employees, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined directly or indirectly, from:

   a. Failing to provide notice on its website or its mobile device applications ("Apps") of the types of personal information they collect from children, how they use such information, and whether they disclose such information to third parties;

   b. Failing to provide direct notice to parents of the types of personal information Defendants collect from children, how they use such information, and whether they disclose such information to third parties;

   c. Failing to obtain verifiable parental consent before the collection, use, and/or disclosure of personal information from children; and

   d. Engaging in any conduct in violation of COPPA or the COPPA Rule.

## WARRANTIES AND REPRESENTATIONS

3. Defendants have entered into this Consent Decree and Order for Injunction and Other Relief ("Order") freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

4. Plaintiffs and Defendants hereby waive all rights to appeal or otherwise challenge the validity of this Order.

5. Plaintiffs and Defendants stipulate and agree that entry of this Order shall constitute a full complete, final settlement of this action.

6. Defendants warrant and represent that they have destroyed the personal information in their possession that was collected and maintained in violation of the COPPA Rule.

7. Defendants warrant and represent that they have caused to be destroyed, through written notification to Flurry, Inc. and all other third parties, the personal information of children

3

transmitted by Defendants to such third-parties, with the exception of the metadata described in paragraph 8.

8. Defendants warrant and represent that they have obtained written confirmation from Flurry, Inc. that the personal information collected, maintained, and transmitted in violation of the COPPA Rule remains in the possession of Flurry in metadata form only pursuant to a litigation hold imposed on Flurry by the Court in the lawsuit of *Albilia v. Apple, Inc., et al*, that is currently pending in Superior Court, Province of Quebec, District of Montreal.

9. Defendants warrant and represent that they no longer collect the personal information of children, including but not limited to first and last names and unique device identification numbers. In the event Defendants begin collecting and maintaining the personal information of children, Defendants shall notify Plaintiffs, in writing, at least 30 days before such collection takes place.

## DESTRUCTION OF CHILDREN'S PERSONAL INFORMATION

10. **IT IS FURTHER ORDERED** that:

a. Within five days from the date of entry of this Order, Defendants shall cause to be destroyed all personal information collected, maintained, and transmitted in violation of the COPPA Rule;

b. Within ten days from the date of entry of this Order, Defendants shall provide Plaintiffs with notarized written confirmation, signed by defendants Mark Yamashita and Rei Yoshioka, of the destruction of all personal information collected, maintained, and transmitted in violation of the COPPA Rule. Such confirmation shall include the location where the personal information was maintained, the method, manner, and process in which such personal information was destroyed, and the date of destruction. In the event Defendants cause the

destruction through a person not a party to the Complaint, Defendants shall obtain notarized written confirmation that such personal information was actually destroyed and provide such confirmation to Plaintiffs within 15 days of such destruction; and

    c.    Within ten days of the final resolution of the *Albilia v. Apple, Inc., et al* action, Defendants shall cause to be destroyed, through written notification to and action taken by Flurry, Inc., the metadata form of the personal information collected and maintained in violation of the COPPA Rule. Defendants shall obtain notarized written confirmation from Flurry that such metadata was actually destroyed and provide such confirmation to Plaintiffs within 15 days of such destruction.

## COMPLIANCE MONITORING AND REPORTING

11. **IT IS FURTHER ORDERED** that:

  a. Within ten days of receipt of any written request for information, inspection, or documents from Plaintiffs, Defendants shall comply with such request, including: submitting written reports, which are true and accurate and sworn to under penalty of perjury; producing documents for inspection and copying; appearing for deposition; and providing entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

  b. Defendants each shall permit Plaintiffs and their representatives to interview any employer, consultant, independent contractor, representative, agent, or employee, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present including Defendants' counsel and any individual counsel; and

  c. For purposes of the compliance reporting and monitoring required by this Order, Plaintiffs are authorized to communicate directly with each Defendant.

Provided however, that nothing in this Order shall limit Plaintiffs' lawful use of process, to obtain any documentary material, tangible things, testimony, or information.

12. **IT IS FURTHER ORDERED** that for a period of three years from the date of entry of this Order, Defendants shall notify Plaintiffs, in writing, within 15 days of the occurrence of the following events:

   a.  Any changes in such Defendants' business address, and telephone number;

   b.  Any changes in such Defendants' employment status and ownership in any business entity. Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

   c.  Any changes in Defendants' name or use of any aliases or fictitious names.

   d.  Any changes in structure of Defendant 24x7 Digital, LLC or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address.

## RETENTION OF JURISDICTION

13. This Court shall retain jurisdiction of this matter for the purposes of construction, modification, and enforcement of this Order.

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiffs and against Defendants pursuant to all the terms and conditions recited above.

Dated this 26th day of June, 2012.

_____
HON. KATHARINE S. HAYDEN

The parties, by their counsel, hereby consent to the terms and conditions of the Order as set forth above and consent to the entry thereof.

FOR PLAINTIFFS:

JEFFREY S. CHIESA
ATTORNEY GENERAL OF NEW JERSEY

By: _____
Jah-Juin Ho
Deputy Attorney General
jah-juin.ho@dol.lps.state.nj.us

Glenn Graham
Deputy Attorney General

Joan Karn
Deputy Attorney General

Brian McDonough
Assistant Attorney General

ERIC T. KANEFSKY
NEW JERSEY DIVISION OF CONSUMER AFFAIRS

By: _____
Eric T. Kanefsky
Acting Director

FOR DEFENDANTS:

24 x 7 DIGITAL, LLC

By: _____
Mark Yamashita, Officer

_____
Mark Yamashita, individually and as an
officer and member of 24 x 7 Digital

_____
Rei Yoshioka, individually and as an
officer and member of 24x7 Digital

_____
Mark G. McCreary, Esq.
Counsel for Defendants

The parties, by their counsel, hereby consent to the terms and conditions of the Order as set forth above and consent to the entry thereof.

FOR PLAINTIFFS:

JEFFREY S. CHIESA
ATTORNEY GENERAL OF NEW JERSEY

By: _____
Jah-Juin Ho
Deputy Attorney General
jah-juin.ho@dol.lps.state.nj.us

Glenn Graham
Deputy Attorney General

Joan Karn
Deputy Attorney General

Brian McDonough
Assistant Attorney General

ERIC T. KANEFSKY
NEW JERSEY DIVISION OF CONSUMER AFFAIRS

By: _____
Eric T. Kanefsky
Acting Director

FOR DEFENDANTS:

24 x 7 DIGITAL, LLC

By: _____        _____
Mark Yamashita, Officer                              Rei Yoshioka, individually and as an
                                                                  officer and member of 24x7 Digital

_____        _____
Mark Yamashita, individually and as an        Mark G. McCreary, Esq.
officer and member of 24 x 7 Digital              Counsel for Defendants

7